OPINION OF THE COURT
Dan Lamont, J.
Plaintiff-judgment-creditor brings this special proceeding seeking to punish defendant-judgment-debtor Charlene Main for contempt for failing to answer the information subpoena served on her on October 31, 1989. The order to show cause and supporting papers were personally served upon defendant Charlene Main on January 9, 1990 in Copake Falls, Columbia *473 County, New York. Defendant Charlene Main has defaulted in appearing.
The underlying default judgment was entered in Supreme Court, Schoharie County, on November 2, 1988. CPLR 5221 (a) (4) provides that: "if the judgment sought to be enforced was entered in any court of this state, a special proceeding authorized by this article shall be commenced, either in the supreme court or a county court, in a county in which the respondent resides or is regularly employed or has a place for the regular transaction of business in person or, if there is no such county, in any county in which he may be served or the county in which the judgment was entered.” (Emphasis supplied.)
Professor David D. Siegel writes in New York Practice that ”[t]o the extent that any judicial aid is needed, the aim of CPLR 5221 is to require the judgment creditor to seek it only in a place convenient to the person against whom the device is aimed.” (Siegel, NY Prac § 493, at 668.)
Since the County Court is a court of limited jurisdiction treated as distinct to each county (Siegel, NY Prac § 14), and in view of the jurisdictional requirement that the defendant in money actions must reside in the county or conduct business there (Judiciary Law § 190 [3]), this court holds and determines that the plaintiffs failure to follow the provisions of CPLR 5221 (a) (4) constitutes a jurisdictional defect in this special proceeding for enforcement.
Accordingly, this court holds and determines that the within special proceeding should have been brought in the Supreme or County Court in the County of Columbia, and that this special proceeding seeking to hold the defendant-judgment-creditor Charlene Main in contempt of court should be and the same hereby is dismissed.